Filed 2/11/21 P. v. Jones CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>DARRELL JONES,<br><br>        Defendant and Appellant. | A159422<br><br>(Alameda County<br>Super. Ct. No. 68930C) |

Darrell Jones appeals from a trial court decision denying his motion for vacatur and resentencing under Penal Code section 1170.95 regarding his 1980 first degree murder conviction.[1]  He contends the trial court erred in denying relief without first issuing an order to show cause and holding an evidentiary hearing.  Instead the trial court found at the prima facie stage, based on the record of Jones's conviction, including the unpublished decision affirming his conviction on appeal, that Jones was a "major participant" in the felony that resulted in the murder and that he acted "with reckless indifference to human life."  The Attorney General concedes the trial court erred by engaging in factfinding at the prima facie stage of the proceedings and should have issued an order to show cause and held a hearing.  We agree and reverse for further proceedings.

---

[1]  Further statutory references are to the Penal Code.

1

## BACKGROUND

In February 1979, four armed men entered the cafeteria of a church and school, where about 200 people were assembled for a weekly bingo game. One yelled "Freeze. THIS IS A STICK-UP," and the four began shooting toward the ceiling. A bullet hit and killed one of the bingo participants.

Three of the men, one of whom was Jones, were tried jointly to a jury, which was instructed on the felony murder rule. There was evidence that some of the defendants, including Jones, did not intend to shoot or kill anyone. In May 1980, the jury found Jones and his two co-defendants guilty of murder, assault with a deadly weapon, burglary and attempted robbery, all with arming allegations, and each was sentenced to 25 years to life.

In January 2019, Jones filed a petition in Alameda County Superior Court under section 1170.95. He alleged that, although he was convicted of first degree murder, he was not the actual killer, did not intentionally aid and abet the murder, was not a major participant in the underlying felony and did not act with reckless indifference to human life, and that the murder victim was not a peace officer engaged in his or her duties.

The trial court appointed counsel and ordered the district attorney to respond to the petition. The prosecutor subsequently argued, based in part on the unpublished opinion of this court affirming the 1980 judgment and in part on transcripts of the trial,[2] that the facts showed Jones was a major participant acting with reckless disregard to human life.

At the initial hearing on Jones's petition, the trial court found, based on facts derived from trial transcripts and the appellate opinion, that Jones was "a major participant who acted with [reckless indifference to human life]" and

---

[2] The trial transcripts are cited in the prosecutor's brief in the trial court but not included in the record on appeal.

2

"that he has not made a prima facie showing." The court stated, "These facts would survive changes to Penal Code Section 188 and 189. If this case occurred today, the prosecution could proceed on these facts and would certainly survive those changes to those statutes. [¶] So I find that no prima facie case has been made, and I'm denying the petition on that basis."

Jones timely appealed.

## DISCUSSION

In 2018, the Legislature adopted Senate Bill No. 1437 (S.B. 1437) to amend the felony murder rule and the natural and probable consequences doctrine as they relate to murder. As we recently explained in *People v. Duchine* (Feb. 9, 2021, A157980) __ Cal.App.5th __ [2021 Cal.App. Lexis 114].) (*Duchine*), "S.B. 1437 changed California's murder laws in three specific ways. " 'First, to amend the felony-murder rule, [S.B.] 1437 added section 189, subdivision (e): "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." ' ([*People v.*] *Gentile* [2020] 10 Cal.5th [830,] 842 [*Gentile*].) 'Second, to amend the natural and probable consequences doctrine, [S.B.] 1437 added section 188, subdivision (a)(3) . . . : "Except [for felony-murder liability] as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or

3

her participation in a crime." ' (*Gentile*, *supra*, at pp. 842-843.) 'Third, [S.B.] 1437 added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above.' (*Id.* at p. 843.)

"Section 1170.95 is the exclusive avenue by which those previously convicted of murder under now-invalid theories may obtain retroactive relief. (*Gentile*, *supra*, 10 Cal.5th at p. 853.) It 'lays out a process for a person convicted of felony murder or murder under a natural and probable consequences theory to seek vacatur of his or her conviction and resentencing.' (See *ibid*.) Further, the relief is fully retroactive, applying not only to defendants whose convictions are not yet final but to all those convicted of murder under a natural and probable consequences or felony murder theory, no matter how long ago they were convicted, if certain conditions are met. (*Ibid.* [section 1170.95 ' "facially applies to both final and nonfinal convictions" '].)" (*Duchine*, *supra*, ___ Cal.App.5th __ [2021 Cal.App. Lexis 114 at pp. 13-15 ], fn. omitted.)

Further, as we explained in *People v. Anthony* (2019) 32 Cal.App.5th 1102, " 'Pursuant to section 1170.95, subdivision (c), the petition shall include, among other things, a declaration by the petitioner stating he or she is eligible for relief based on all three aforementioned requirements of subdivision (a). A trial court that receives a petition under section 1170.95 "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) If the petitioner has made such a showing, the trial court "shall issue an order to show cause." (§ 1170.95, subd. (c).)

4

" 'The trial court must then hold a hearing "to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).) . . . Significantly, if a hearing is held, "[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (§ 1170.95, subd. (d)(3).) "[T]he burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (§ 1170.95, subd. (d)(3).)' " (*Id.* at pp. 1148-1149.)

In *Duchine*, after reviewing the record of conviction, the trial court denied the petition at the prima facie stage because it found that " 'a reasonable trier of fact could reach a guilty verdict on a charge of murder on the basis that defendant was a major participant in the underlying felony of robbery and acted with reckless indifference to human life . . . .' " (*Duchine, supra*, ___ Cal.App.5th __ [2021 Cal.App. Lexis 114 at pp. 10-11].) We reversed, holding that "the time for weighing and balancing and making findings on the ultimate issues arises at the evidentiary hearing stage rather than the prima facie stage, at least where the record is not dispositive on the factual issues. Thus, absent a record of conviction that conclusively establishes that the petitioner engaged in the requisite acts and had the requisite intent, the trial court should not question his evidence." (*Id.* at pp. 25-26.)

Here, the trial court made a finding based on the record of conviction that Jones was a major participant and acted with reckless indifference to human life.[3]  As the People concede, and as we concluded in *Duchine*, this was based on an erroneous interpretation of section 1170.95.  Agreeing with *People v. Drayton* (2020) 47 Cal.App.5th 965, we observed that "[t]he major participant and reckless indifference findings the trial court made based solely on the record evidence entail the weighing of evidence, drawing of inferences, and assessment of credibility that should be left to the factfinding hearing process contemplated by section 1170.95, subdivision (d).  (*Drayton, supra,* 47 Cal.App.5th at p. 982.)" (*Duchine, supra,* ___ Cal.App.5th __ [2021 Cal.App. Lexis 114 at p. 27].)  The Legislature contemplated that the trial judge would engage in factfinding, but only after an order to show cause is issued, an evidentiary hearing held, and an opportunity provided for either party, at that hearing, to present new evidence in addition to that contained in the record of conviction.  At this factfinding stage of the proceedings, the prosecutor bears the burden of proof beyond a reasonable doubt to show the petitioner is guilty of murder under a theory that remains valid after the enactment of S.B. 1437.  (See § 1170.95, subd. (d).)  This error requires reversal and remand so that the required hearing may be held.

## DISPOSITION

For the foregoing reasons, we reverse the trial court's order denying the petition and remand with directions to vacate its order denying Jones's

---

[3]  This case does not involve a second error and independent basis for reversal that the trial court committed in *Duchine*, which was that, instead of considering whether the petitioner was guilty under a still valid theory of murder, it answered the very different (and incorrect) question whether the petitioner "could theoretically have been found guilty under" such a theory. (See *Duchine, supra,* ___ Cal.App.5th __ [2021 Cal.App. Lexis 114 at p. 27].)

petition, issue an order to show cause under section 1170.95, subdivision (c) and hold a hearing pursuant to section 1170.95, subdivision (d) to determine whether to vacate Jones's murder conviction and recall his sentence and resentence him.

 

_____

STEWART, J.

We concur.


_____

KLINE, P.J.


_____

RICHMAN, J.

_People v. Jones_ (A159422)